IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| Justin Korn, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>Amazon.com, Inc.,<br><br>      Defendant. | Civil Action No. 1:25-cv-10802-WGY<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff Justin Korn ("Plaintiff"), by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge, against Defendant Amazon.com, Inc. ("Defendant" or "Amazon").

## NATURE OF THE ACTION

  1.  Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

  2.  Despite this abundantly clear mandate, until recently,[1] Defendant did not provide such written notice of rights in its Massachusetts job applications.

  3.  Making matters worse, Defendant requests that job applicants take and indeed subjects job applicants to a lie detector test – an Amazon "Workstyle Assessment." Mass. Gen. Laws ch. 149, § 19B(2).

  4.  An Amazon Workstyle Assessment constitutes a lie detector test, under the statute, because it is a test utilizing a device, mechanism, instrument or written examination,

---

[1] On information and belief, not until approximately February 2025.

1

which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.  Mass. Gen. Laws ch. 149, § 19B(1).

5. Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

6. Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions, providing that a civil action may be brought by a person "in his own name and on his own behalf, or for himself and, for other [sic] similarly situated."

7. Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brings this action, on behalf of himself and those similarly situated, to redress Defendant's violations of Mass. Gen. Laws ch. 149, § 19B(2) and (2)(b).

## PARTIES

8. Plaintiff Justin Korn is a citizen of Massachusetts who resides in Acton, Massachusetts.  In or around August 2024, while located in Massachusetts, Plaintiff applied for three Massachusetts-based jobs with Defendant: the Test Engineer, Mechatronics & Sustainable Packaging - Systems Engineering Integration Testing (ID: 2744155) position, the Functional Safety Engineer, Functional Safety (ID: 2743654) position, and the Sr. Product Quality Engineer, Amazon Robotics (ID: 2738308) position.  However, in his Amazon Massachusetts-based job applications, Plaintiff was not provided the notice of his rights concerning lie detector tests that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b).  As part of the job application process, Defendant also requested that Plaintiff Korn take, and indeed subjected Plaintiff Korn to, a lie detector test – an Amazon "Workstyle Assessment."  Plaintiff Korn was unaware, at the time, that

2

the Amazon Workstyle Assessment was a lie detector test.  Had Plaintiff Korn been made aware by Defendant that the Amazon Workstyle Assessment was a lie detector test, he would not have completed the Amazon Workstyle Assessment.

9.    Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 10 Terry Avenue North, Seattle, Washington 98109.  Defendant operates throughout the United States and employs thousands of people in Massachusetts.  Defendant targets its job applications at prospective employees whom it knows to reside in Massachusetts.

## JURISDICTION AND VENUE

10.    Jurisdiction is proper in this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the class is a citizen of a state different from any Defendant, the amount in controversy exceeds $5 million, exclusive of interest and costs, and the proposed classes contain more than 100 members.

11.    This court has personal jurisdiction over Defendant because a substantial portion of the events giving rise to this cause of action occurred here.  Plaintiff is domiciled and suffered his primary injury in this district.

12.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL ALLEGATIONS

13.    On December 16, 1985,[2] Massachusetts enacted 1985 Mass. Acts Chapter 587,[3]

---

[2] *See, e.g.*, 1985 Bill History of the Commonwealth of Massachusetts at p. 3388 (https://archives.lib.state.ma.us/bitstream/handle/2452/796446/1985-House-03-BillHistory.pdf).

[3] https://archives.lib.state.ma.us/handle/2452/40042.

3

introduced as HB 6908[4] and codified at Mass. Gen. Laws ch. 149, § 19B.

    14.    Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

    15.    In plain violation of the law, until recently, Defendant did not provide such written notice of rights in its applications for Amazon Massachusetts-based jobs.

    16.    Indeed, until recently, searches for the terms "lie detector" and/or "condition of employment" on Defendant's website listing job openings, information, and applications – https://www.amazon.jobs/en/ – yielded no results.

    17.    Plaintiff's counsel surveyed numerous job applications that Defendant has made publicly available via https://www.amazon.jobs/en/. Until recently, **none** of Defendant's job applications viewed by Plaintiff's counsel complied with Mass. Gen. Laws ch. 149, § 19B(2)(b). *See* Ex. 1-2.[5]

    18.    Plaintiff and Class members were aggrieved because they were bona-fide applicants for jobs with Amazon, and Amazon deprived them of their statutorily guaranteed right to the notice provided for by Mass. Gen. Laws ch. 149, § 19B(2)(b).

    19.    Plaintiff and Sub-Class members were also aggrieved because Defendant requested that they take and indeed subjected them to a lie detector test – an Amazon "Workstyle

---

[4] http://archives.lib.state.ma.us/handle/2452/602897.

[5] Ex. 1 pertains to Job ID 2743654 (available at https://amazon.jobs/en/jobs/2743654/functional-safety-engineer-functional-safety); Ex. 2 pertains to Job ID 2671833 (available at https://amazon.jobs/en/jobs/2671833/sr-product-quality-engineer-amazon-robotics).

4

Assessment." Mass. Gen. Laws ch. 149, § 19B(2). *See* Ex. 3.[6]

20.     Amazon "Workstyle Assessments" fall under the Massachusetts definition of "lie detector tests." Mass. Gen. Laws ch. 149, § 19B(1).

21.     Per Amazon, the "Workstyle Assessment is an Amazon-custom assessment derived from [Amazon's] Leadership Principles. Its purpose is to guide hiring of people who are engaged, positive, and have a sense of ownership over their work and events that happen to them."[7] In the Workstyle Assessment, Amazon "ask[s job applicants] to choose the extent to which a statement represents [their] work style." [8]

22.     Before posing such questions, Defendant tells its job applicants:

> We want to ensure that the assessment experience is fair for everyone so, for test security purposes, **Amazon uses mechanisms to detect suspicious test behavior and responses. If suspicious behavior is detected (e.g., attempts to plagiarize, fabricate, or use outside assistance), it will impact your current and possibly future Amazon applications.** Possible responses include invalidating your assessment, requiring additional assessments, ineligibility for the current or future roles, and/or legal action.

Ex. 3 at 6 (emphasis added).

23.     Just beneath this, on the same webpage, Defendant states:

> Please check the box below to indicate you understand and agree to the following:
> 1. I am the person who is applying for this position.
> 2. Responses to all assessments in this application process are my own and not prepared by another person or group.
> 3. I will not use unauthorized materials, websites, or other sources of information during this assessment.
> 4. I will not share the items or other content in this assessment with other individuals or groups.

---

[6] Ex. 3 shows an Amazon "Workstyle Assessment" (at 46-86) taken as part of the application process for Job ID 2976582 (available at https://www.amazon.jobs/en/jobs/2976582/delivery-station-customer-service-associate-dsl), as well as a number of notices and other pages related thereto.

[7] https://amazon.jobs/content/en/faq/assessment.

[8] https://www.amazon.jobs/content/en/how-we-hire/assessments.

5

> 5. I will not consult any other person or group while completing the assessment.
> 6. I understand that any misrepresentation will result in the rejection of my application.
> 7. I understand that if Amazon detects suspicious test-taking behavior, Amazon may invalidate my assessment, require additional assessments, deem me ineligible for employment, or take legal action.
>
> By checking this box, I acknowledge I have read and accept the privacy notice and above statements.

*Id.*

24. Then, as shown in Ex. 3, "[e]ach question [] display[s] two statements." *Id.* at 47. For instance, the assessment "may ask [] which of the two statements[,] 'I like for things to be clearly structured,' or 'I look forward to the opportunity to learn new things,' best describes [the job applicant]."[9] Job applicants are to "[c]hoose the statement that best matches [their] work style." Ex. 3 at 47. Notably, such questions often appear substantively similar but utilize slight variations in wording (i.e., as one might if aiming to cross-check answers to identify discrepancies and/or paint a clearer picture of the respondent's proclivities):

- Most projects need a structured plan. / I like planning, but often address problems as they come.
- I often choose predictability over the unknown. / I adapt to change quickly.
- I'm about as reliable as everyone else on my team. / I persist until a task is done.
- My team relies on me to check for mistakes. / I'll occasionally make easy-to-fix mistakes.
- I prefer to focus on the task at hand rather than how others feel about it. / I consider others' feelings even when it's not necessary.
- I reflect on disappointments as much as others. / I don't dwell on my mistakes.
- I rarely miss deadlines. / It makes me feel good when a plan works out.
- I usually take time to find out how others are feeling. / Double-checking my work is built into my process.
- I put failures behind me quickly. / I'm always looking for new ways to do things.
- I'm known for getting work done. / A plan increases efficiency.
- I don't think much about other people's feelings. / Rechecking your work is a usually waste of time.
- It's easy to bounce back from failure. / I'm energized by change.

---

[9] https://www.amazon.jobs/content/en/how-we-hire/assessments.

- I can always be trusted to fulfill my obligations. / I usually make careful plans to avoid problems.
- I take a personal interest in others' feelings. / I usually double-check my work.
- Constant change is exhausting. / I sometimes focus too much on past mistakes.
- I would never miss a deadline without a good reason. / Making a detailed plan jumpstarts my momentum.
- I take time to better understand my coworkers. / People should take more time reviewing their work.
- I'm often the first to try new things. / I focus more on future possibilities than past problems.
- I always plan and prioritize my work tasks. / Meeting commitments is a top priority.
- I sometimes notice if things are missing. / I can sense when others are upset.
- I like surprises. / Usually I don't dwell on the past.
- Typically, I am disciplined about getting work done. / I usually create a plan before starting my work.
- Checking your work is important. / It's important to understand people's emotions in order to help.
- I sometimes have a hard time putting failure behind me. / Frequent changes are usually disruptive.
- I do my best, even on trivial tasks. / I produce my best work when working from a detailed plan.
- It's easy for me to recognize others' feelings. / Getting the details right is critical to making a point.
- Setbacks are hard to manage. / New situations are uncomfortable.
- I'm quick to list the steps to achieve a goal. / I follow through on my obligations.
- I spot errors that others overlook. / I make an effort to ask people how they are doing.
- I'm confident that I can handle any challenge. / I adjust quickly to new settings.
- I persist through challenging tasks. / A good plan makes any project go smoothly.
- I check my work for quality on highly visible projects. / I cheer up my coworkers when they feel down.
- I occasionally like to try new approaches. / I recover from setbacks about as quickly as others.
- I always prefer working from a plan. / I usually can be counted on to get the job done.
- I sometimes check information I receive. / I try to understand other people's feelings and emotions.
- Setbacks usually don't impact my effort. / Changing my routine inspires me.

Ex. 3 at 51-86.

25.     As to what the Workstyle Assessment purports to evaluate, Amazon states that it "use[s] online assessments as one way to help us get to know [job applicants] better, and we design them to measure key characteristics required for success in a role. … [W]ork style assessments … are centered around our peculiar culture and Leadership Principles[.] … We want

to get to know the authentic you[.]"[10]  In line with this, Amazon's Leadership Principles provide, *inter alia*, that: "Leaders … work vigorously to earn and keep customer trust[;]" and "Earn Trust[.] … Leaders … speak candidly[.]"[11]

26.    Given the foregoing, Amazon Workstyle Assessments are lie detector tests.  Their purpose is clear: they are a "test utilizing … any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of or purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual."  *See* Mass. Gen. Laws ch. 149, § 19B(1).

## CLASS REPRESENTATION ALLEGATIONS

27.    Plaintiff seeks to represent a class defined as:

> All persons who applied for a Massachusetts-based position of employment with Defendant (the "Class").

28.    Plaintiff seeks to represent a sub-class defined as:

> All persons who applied for a Massachusetts-based position of employment with Defendant and completed an Amazon Workstyle Assessment (the "Sub-Class"; collectively, with the Class, the "Classes").

29.    Members of the Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Classes number in the thousands.  The precise number of the Classes' members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  The Classes' members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

---

[10] https://www.amazon.jobs/content/en/how-we-hire/assessments.

[11] https://www.amazon.jobs/content/en/our-workplace/leadership-principles.

8

30. Common questions of law and fact exist as to all the Classes' members and predominate over questions affecting only individual members of the Classes. Common legal and factual questions include, but are not limited to, whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2) and (2)(b); whether Plaintiff and the Classes' members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Classes are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

31. The claims of the named Plaintiff are typical of the claims of the Classes in that the named Plaintiff applied for Massachusetts-based employment with Defendant. In his applications for employment with Defendant, Plaintiff – like the rest of the Class – was not furnished the notice of rights that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b). And like the rest of the Sub-Class, Defendant also requested that Plaintiff take, and indeed subjected Plaintiff, to a lie detector test – an Amazon "Workstyle Assessment" – as part of Plaintiff's job application.

32. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes' members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Classes' members will be fairly and adequately protected by Plaintiff and his counsel.

33. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Classes' members. Each individual member of the Classes may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system

presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Declaratory and Injunctive Relief

34. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

35. Plaintiff brings this Count individually and on behalf of the members of the Classes.

36. Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

37. Plaintiff asks this court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating application materials in violation of Massachusetts law.

## COUNT II
### Violation of Mass. Gen. Laws ch. 149, § 19B(2)

38. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

39. Plaintiff brings this Count individually and on behalf of the members of the Sub-Class.

40. Mass. Gen. Laws ch. 149, § 19B(1) defines a lie detector test as:

> [A]ny test utilizing a polygraph or any other device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting

to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual.

41. Mass. Gen. Laws ch. 149, § 19B(2) states:

It shall be unlawful for any employer or his agent, with respect to any of his employees, or any person applying to him for employment, including any person applying for employment as a police officer, to subject such person to, or request such person to take a lie detector test within or without the commonwealth, or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder. This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.

42. Defendant is an employer, and Plaintiff and Sub-Class members are persons who applied to Defendant for employment.

43. Defendant requested that Plaintiff and Sub-Class members take, and indeed subjected Plaintiff and Sub-Class members to, a lie detector test – an Amazon "Workstyle Assessment."

44. An Amazon Workstyle Assessment constitutes a lie detector test, under the statute, because it is a test utilizing a device, mechanism, instrument or written examination, which is operated, or the results of which are used or interpreted by an examiner for the purpose of purporting to assist in or enable the detection of deception, the verification of truthfulness, or the rendering of a diagnostic opinion regarding the honesty of an individual. Mass. Gen. Laws ch. 149, § 19B(1).

45. Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Sub-Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

**COUNT III**
**Violation of Mass. Gen. Laws ch. 149, § 19B(2)(b)**

46. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

47. Plaintiff brings this Count individually and on behalf of the members of the Class.

48. Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability." Mass. Gen. Laws ch. 149, § 19B(2)(b).

49. Defendant does not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

50. Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

**RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

   a. For an order certifying the Classes, naming Plaintiff as representative of the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

   b. For an order declaring that Defendant's conduct violates the statute referenced herein;

   c. For an order finding in favor of Plaintiff and the Classes, on all counts asserted herein;

   d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

  e. For prejudgment interest on all amounts awarded;

  f. For an order of restitution and all other forms of equitable monetary relief;

  g. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

  h. For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 23, 2025    Respectfully submitted,

    **BIRNBAUM & GODKIN, LLP**

    By: */s/ David S. Godkin*
      David S. Godkin

    David S. Godkin (BBO#196530)
    James E. Kruzer (BBO#670827)
    1 Marina Park Drive, Suit 1410
    Boston, MA 02210
    Telephone: (617) 307-6100
    Email: godkin@birnbaumgodkin.com
       kruzer@birnbaumgodkin.com

    **BURSOR & FISHER, P.A.**
    Joseph I. Marchese**
    Matthew A. Girardi*
    Julian C. Diamond*
    1330 Avenue of the Americas, 32nd Floor
    New York, NY 10019
    Telephone: (646) 837-7150
    Facsimile: (212) 989-9163
    Email: jmarchese@bursor.com
       mgirardi@bursor.com
       jdiamond@bursor.com

    *Attorneys for Plaintiff*

    **Pro Hac Vice*
    ***Pro Hac Vice application forthcoming*